# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NOTTINGHAM CONSTRUCTION COMPANY, L.L.C. | § § § | PLAINTIFF |
| v. | § § | Civil Action No. 1:07CV1151-LG-RHW |
| CITY OF WAVELAND, MISSISSIPPI | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [4] filed by the City of Waveland. Plaintiff Nottingham Construction Company, L.L.C., responded to the Motion and Waveland replied. Nottingham's Complaint was not timely filed pursuant to Miss. Code Ann. §11-51-75, therefore the Motion to Dismiss should be granted.

### FACTS

On October 19, 2007, Nottingham filed a Complaint against Waveland seeking damages it allegedly suffered when it was not awarded the contract for a sewer and water system reconstruction project. Nottingham asserts that it submitted the second lowest bid for the project, with a bid of $27,472,620.00, and that the alleged lowest bid for the project was submitted by Hemphill Construction Company in the amount of $23,639,425.00. Waveland awarded the contract to Hemphill. (Compl. at 2). Nottingham alleges that Waveland's engineer, Digital Engineering and Imaging, Inc., told Nottingham that it could not use excavated materials as select backfill on the project. (Compl. at 3). The written communications concerning use of excavated materials as backfill were attached to Contract Addendum No. 2 for the Project at the request of Nottingham. (Compl. at 3). However, Nottingham asserts that its representative witnessed Hemphill using excavated materials as select backfill on the project. (Compl. at 2).

Nottingham submits that the project had been underway for several months when it learned that Hemphill was allowed to use excavated materials as backfill. (Compl. at 2). Nottingham contacted the engineering firm regarding the use of these materials and alleges that a representative of the engineering firm admitted that the materials were being used and also admitted that Hemphill was not required to use a deductive change order for the use of the materials. (Compl. at 4). Nottingham contends that it would have been the lowest bidder on the project if it had not included the increased costs associated with obtaining select backfill in its bid. (Compl. at 4). Thus, Nottingham alleges that since Hemphill was allowed to use excavated materials as backfill, Hemphill was given "an illegal and unfair advantage during the bid process resulting in an illegal contract award to Hemphill and causing damages to Nottingham." (Compl. at 4).

On August 29, 2007, Nottingham notified Waveland of its claim for damages and its protest of the award of the project. (Compl. at 5). Waveland denied Nottingham's request for a hearing on its claim for damages. (Compl. at 6).

## DISCUSSION

Waveland has filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). In order to avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Twombly*, 127 S. Ct. at 1965. The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches*

*Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The same standard is utilized in deciding motions to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

**JURISDICTION**

Waveland first argues that this Court does not have jurisdiction over this case because the circuit court has exclusive jurisdiction over appeals of decisions by municipalities pursuant to Miss. Code Ann. §11-51-75. *See Hood v. Perry County*, 821 So. 2d 900, 902 (¶6) (Miss. Ct. App. 2002) (holding that the circuit court has exclusive jurisdiction over any appeal of a decision by a board of supervisors or municipality pursuant to Miss. Code Ann. §11-51-75). However, "[f]ederal jurisdiction cannot be defeated by a state statute prescribing the court in which the action is to be brought." *Akin v. Louisiana Nat'l Bank*, 322 F.2d 749, 754 (5th Cir. 1963); *see also Ry. Co. v. Whitton's Adm'r*, 80 U.S. 270, 286 (1871) ("Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation."); *Atlas R.R. Constr. Co. v. Columbus & Greenville Ry. Co.*, 190 F. Supp. 2d 908 (N.D. Miss. 2002) ( "It is axiomatic that federal diversity jurisdiction cannot be affected, restricted, or defeated by state legislation giving state courts exclusive jurisdiction over the matter involved.").

In the present case, it is undisputed that diversity jurisdiction exists. *See* 28 U.S.C. § 1332. Nottingham is a Louisiana limited liability company, and Waveland is a Mississippi municipality. Additionally, the amount in controversy undisputedly exceeds $75,000.00. Therefore, this Court has subject matter jurisdiction over this case, and that jurisdiction cannot

be limited by state statute.

**TEN-DAY TIME LIMIT**

Miss. Code Ann. §11-51-75 provides that an appeal of a decision by a board of supervisors or a municipality must be filed within ten days from the date of adjournment of the session at which the decision was rendered. The Mississippi Supreme Court has held that the ten-day time limit is mandatory, and any untimely action must be dismissed. *Newell v. Jones County*, 731 So. 2d 580, 582 (¶10) (Miss. 1999). It is undisputed that this case was not filed within ten days from the date of adjournment in which the decision to award the contract to Hemphill was made.

However, Nottingham argues that it had no knowledge of its claim against the City until it witnessed Hemphill's use of excavation materials as backfill several months after the decision to award the contract had been made. Nottingham asserts that it notified Waveland of its claim within five days after learning of the alleged wrongful conduct during the bidding process, but Waveland failed to make a final decision regarding its complaint or give a meaningful response to the complaint. Thus, Nottingham argues that Miss. Code Ann. §11-51-75 does not apply to this case because the statute only applies when "all issues of the controversy are finally disposed of by order of the City Council." *See S. Cent. Turf, Inc. v. City of Jackson*, 526 So. 2d 558, 561 (Miss. 1988). In support of this assertion, Nottingham primarily relies upon *Shepard v. City of Batesville*, 2007 WL 108288 (N.D. Miss. Jan. 8, 2007). In *Shepard*, the plaintiff demonstrated that he had been the lowest and best bidder on several contracts to perform earthmoving work for the City of Batesville, but he received only one contract with the City. *Shepard*, 2007 WL 108288 at *6. The City claimed that it awarded the projects to other contractors because they

could not reach the plaintiff by telephone. The Court in *Shepard* held:

> The Court is of the opinion that there was never a final decision made by the City of Batesville's Board of Alderman . . . . There was never a decision placed on the City of Batesville's minutes denying any of the aggrieved commodities jobs to the Plaintiff. The Mayor, also the Public Works Director, never told the Plaintiff nor made the decision that the Plaintiff was not going to get the job. Thus, no municipal authority ever made the decision that the Plaintiff was not going to get the job. Thus no municipal authority ever made a decision that was located on the . . . minutes. Therefore, the Court is of the opinion that the Plaintiff never had notice of a decision that negatively impacted him. Without such notice, the Plaintiff could not follow the procedures listed in Miss. Code Ann. §11-51-75. Thus, the Court finds that there was never a final state court judgment that would preclude it from hearing the Plaintiff's claims.

*Id.* at *6.

In its Complaint, Nottingham alleges that since Hemphill was allowed to use excavated materials as backfill, Hemphill was given "an illegal and unfair advantage during the bid process resulting in an illegal contract award to Hemphill and causing damages to Nottingham." (Compl. at 4). However, Nottingham now asserts in its Memorandum in opposition to the Motion to Dismiss that there was never a final decision related to Nottingham's claim for damages that was submitted after it learned of the use of excavated materials. Nevertheless, the damages that arose out of the decision to award the contract to Hemphill are the subject of this lawsuit, not Waveland's handling of the subsequent protest by Nottingham. Nottingham does not assert that it was not notified that the contract was awarded to Hemphill or that the decision to award the contract was not a final decision. Therefore, Nottingham's reliance on *Shepard* is misplaced.

Furthermore, to the extent that Nottingham may be arguing that the ten-day time limit should have been tolled until its discovery of the alleged wrongful conduct, the Mississippi Supreme Court has recently addressed the issue of whether the discovery rule can be used to toll

-5-

time periods established by statute. *See Caves v. Yarbrough*, No. 2006-CA-01857-SCT, 2007 WL 3197504 (Miss. Nov. 1, 2007). In *Caves*, the Court overruled cases that had incorporated the discovery rule into the one year statute of limitations set forth in the Mississippi Tort Claims Act. *Caves*, 2007 WL 3197504 at *7 (¶32). In *Caves*, the Court explained: "[I]n recent years this Court has recognized its duty to apply a strict standard of statutory construction, applying the plain meaning of unambiguous statutes." *Id.* at *5 (¶22). The Court noted that the Tort Claims Act specifically provided that the statute of limitations begins to run on the date of the tortious act. *Id.* at *7 (¶29). The Court quoted the following language from a United States Supreme Court decision:

> [S]tatutes of limitation often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable. We should give them effect in accordance with what we can ascertain the legislative intent to have been.

*Id.* at *7 (¶30) (quoting *United States v. Kubrick*, 444 U.S. 111, 125 (1979)).

The Mississippi Courts have repeatedly held that the filing of an appeal within ten days of the municipality's decision is mandatory pursuant to Miss. Code Ann. §11-51-75. *See, e.g., Newell*, 731 So. 2d at 582 (¶10); *Moore v. Sanders*, 569 So. 2d 1148, 1150 (Miss. 1990); *S. Cent. Turf, Inc.*, 526 So. 2d at 561. Additionally, the Mississippi Courts have recently held that a "judicial discovery rule" should not be incorporated into unambiguous statutes, particularly where, as here, the statute specifically states that the time for filing suit begins to run on the date of the wrongful conduct. *Caves*, 2007 WL 3197504 at *7 (¶¶31-32).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [4] filed by the City of Waveland is **GRANTED**. This case is hereby **DISMISSED WITH**

**PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 5th day of March, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE